# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TERRY MCCOY                                              PLAINTIFF

V.                          CASE NO. 5:19-cv-301 JM

JERI DEAN, *et al*.                                      DEFENDANTS

## ORDER

Plaintiff Terry McCoy, in custody at the W.C. Dub Brassell Adult Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983[1] and application for leave to proceed *in forma pauperis* (IFP), which has been granted. (Doc. Nos. 6, 8).

**I.**     **Screening**

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and

---

[1] McCoy's Complaint originally was filed as a petition for a writ of *habeas corpus*. On November 6, 2019, the Court reclassified the action as a "550" case for internal housekeeping purposes. (Doc. No. 9).

Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.     Background

McCoy is currently awaiting trial in Jefferson County, Arkansas, on charges of breaking or entering and theft of property. *State v. McCoy*, 35CR-18-421. Public records show that on May 14, 2019 he was served with an alias bench warrant for failure to appear. McCoy alleges he was also served a parole abscond warrant on May 14, 2019, but to date has not had his parole revocation hearing. He sued multiple Defendants ranging from Judges to Court Clerks to Nurses alleging violation of his federally-protected rights. (Doc. No. 8). McCoy makes four claims ranging from alleged violations of his due process rights to deliberate indifference to his medical needs. (*Id*.) His first and third claims relate to ongoing state criminal proceedings against him. (*Id*. at 5-10, 12-13). Specifically, he challenges his current confinement because he has not had a final parole revocation hearing, and he maintains the pending criminal charges against him are based on falsified information. McCoy's second claim is a deliberate indifference to medical care claim and in his fourth claim he asserts he has been wrongfully denied documents under the Freedom of Information Act ("FOIA"). (*Id*. at 10-12, 13-14).

## III.    Discussion

McCoy's deliberate indifference and FOIA claims are unrelated to his claims in connection with the criminal proceedings against him and, accordingly, will be dismissed without prejudice. Fed. R. Civ. P. 20. He may file these claims as a separate lawsuit if he chooses.

McCoy is in jail awaiting trial on pending criminal charges. He claims he has not had a final parole revocation hearing, and that the charges against him are based on falsified information. (Doc. No. 8). In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

McCoy is involved in ongoing state criminal proceedings, and Arkansas has an important interest in its criminal justice procedures. As such, the Court should abstain from entertaining plaintiff's constitutional claims. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.

Having determined that the Court should abstain from entertaining McCoy's claims, it must decide whether to dismiss, or to stay, the case. Where only injunctive or equitable relief is sought,

dismissal is appropriate. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). McCoy, however, seeks damages. Accordingly, McCoy's case is stayed and administratively terminated. *Stroud*, 179 F.3d at 603-04.

**IV.  Conclusion**

    IT IS THEREFORE ORDERED THAT:

    1.    Plaintiff's deliberate indifference to medical needs and Freedom of Information Act claims are dismissed without prejudice.

    2.    The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of McCoy's state criminal charges.

    3.    McCoy may file a motion to reopen this case after such final disposition.

    4.    This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order is considered frivolous and not in good faith.

    IT IS SO ORDERED this 13th day of November, 2019.

    _____
    UNITED STATES DISTRICT JUDGE